FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 2 ● 2009

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

**UNITED STATES DISTRICT COURT,**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

KEYONNA HILL,                              -
                                           -
    Plaintiff,                             -
                                           -   PLAINTIFF'S VERIFIED
    v.                                     -   COMPLAINT AND
                                           -   DEMAND FOR JURY
DELANOR KEMPER & ASSOCIATES,               -   TRIAL
                                           -
        Defendant.                         **1:09-CV-1374**

GET

KEYONNA HILL (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges

the following against DELANOR KEMPER & ASSOCIATES, (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Wisconsin, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

6. Declaratory relief is available pursuant to *28 U.S C. 2201 and 2202*.

PLAINTIFF'S COMPLAINT                                                      1

## PARTIES

7. Plaintiff is a natural person residing in Baltimore, Maryland.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a company with an office in Atlanta, Fulton County, Georgia.

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Defendant has placed collection calls to Plaintiffs seeking and demanding payment for an alleged debt.

13. Defendant communicated to a third party, Plaintiff's sister, that Plaintiff allegedly owes a debt.

14. Defendant threatened to garnish Plaintiff's wages if Plaintiff did not pay the alleged debt.

15. Defendant placed telephone calls without meaningful disclosure of the caller's identity.

16. Defendant failed to identify itself as a debt collector in subsequent communications.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692b(2)* of the FDCPA by stating Plaintiff allegedly owes a debt on Plaintiff's answering machine, and thus, disclosing Plaintiff's alleged debt to a third party, Plaintiff's sister.

b.  Defendant violated *§1692c(b)* of the FDCPA by communicating with a third party, Plaintiff's sister, in connection with the collection of Plaintiff's alleged debt.

c.  Defendant Violated *§1692(d)* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiffs.

d.  Defendant Violated *§1692(d)* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

e.  Defendant Violated *§1692(d)(2)* of the FDCPA by using language the natural consequence of which is to abuse the Plaintiff.

f.  Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

g.  Defendant violated *§1692e(4)* of the FDCPA by falsely representing that Plaintiff's non-payment of her alleged debt would result in garnishment of Plaintiff's wages.

h.  Defendant violated *§1692e(5)* of the FDCPA by threatening to garnish Plaintiff's wages even though Defendant does not intend to do so.

i.  Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by falsely representing that Plaintiff's non-payment of her alleged debt would result in garnishment of Plaintiff's wages.

j.  Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by communicating with a third party, Plaintiff's sister, in connection with the collection of Plaintiff's alleged debt.

k.  Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by failing to disclose in subsequent communications that the communication was from a debt collector

      l.  Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

18. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit "A").

WHEREFORE, Plaintiff, KEYONNA HILL, respectfully requests judgment be entered against Defendant, DELANOR KEMPER & ASSOCIATES, for the following:

19. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

20. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

21. Actual damages;

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

23. Any other relief that this Honorable Court deems appropriate.

//

DATED: May 7, 2009

RESPECTFULLY SUBMITTED,

By: _____

Alex Simanovsky, Esq.
Attorney for Plaintiff
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345

Of Counsel
Krohn & Moss, Ltd.
10635 Santa Monica Blvd., Suite 170
Los Angeles, CA 90025

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KEYONNA HILL, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MARYLAND

Plaintiff, KEYONNA HILL, states the following:

1.  I am the Plaintiff in this civil proceeding.
2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.  I have filed this Complaint in good faith and solely for the purposes set forth in it.
6.  Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, KEYONNA HILL, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

May 7, 2009
Date

KEYONNA HILL

PLAINTIFF'S COMPLAINT

6